**7**
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive, Suite 127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Debtor
Robert P. Hunter

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF | CASE NO. 18-25851-E-13C |
| ROBERT P. HUNTER | |
|       Debtor      / | |
| ROBERT P. HUNTER | |
|       Plaintiff, | **ADVERSARY COMPLAINT** |
| v. | 1. **Declaratory Relief to Determine Value and Extent of Lien** |
| PEACHTREE GROUP TRUST; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO; and DOES 1 through 10, inclusive, | 2. **Extinguishment of the Deed of Trust Claim** |
| | 3. **Quiet Title** |
|       Defendants.      / | |

COMES NOW, Robert P. Hunter, Plaintiff in the instant adversary proceeding and Debtor in the underlying Chapter 13 bankruptcy case ("Plaintiff" and/or "Debtor"), by and through his attorney of record, Peter G. Macaluso, and alleges as follows:

**I.    ALLEGATIONS OF JURISDICTION AND VENUE**

1.   This adversary proceeding is brought in connection with Plaintiff's underlying bankruptcy case under Chapter 13 of Title 11, case number 18-25851-E-13C.

2.   This Court has jurisdiction over this proceeding pursuant to Title 28 United States Code sections 157 and 1334. The complaint, as set forth herein, involves the voiding of the secured status of a claim pursuant to Title 11 United States Code section 506, and as such constitutes a core proceeding pursuant to Title 28 United States Code section 157(b)(2)(K) and (L).

3.   Plaintiff contends that the cause of action pursuant to the California Civil Code in this matter is part of the core proceeding as it would only arise but for the initial order to value the collateral as well as the resulting confirmed and completed Chapter 13 Plan, and judgment in the Adversary Proceeding.

4.   Plaintiff further contends that the cause of action pursuant to the California Civil Code in this matter is not preempted by the Bankruptcy Code as the Bankruptcy Code does not provide a specific remedy at the time of this complaint being filed, as the lien removal is a State law by-product of the Bankruptcy Court's determination that the Defendants' security was rendered void at the completion of the Plan.

//

5. To the extent that any part of this matter is deemed non-core, Plaintiff consents to this Court in rendering final judgment.

**II. PARTIES**

6. Plaintiff, Robert P. Hunter, is the debtor in the underlying bankruptcy, case number 18-25851-E-13C, and resided in the Subject Property located at 12021 Gold Point Lane, Gold River, CA 95670 ("Subject Property").

7. Defendant, Peachtree Group Trust ("Defendant"), holds the Deed of the Subject Property, filed with the Sacramento County Recorder on December 2, 2013, albeit unbeknownst to the Debtor at the time he filed Bankruptcy.

8. The Defendant(s) named herein as "All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiff's Title, Or Any Cloud Upon Plaintiff's Title Thereto" ("Unknown Defendants" and/or collectively with Defendant Fillmore Group Trust, "Defendants") are unknown to Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that the Unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the real property and real property interests that are adverse to Plaintiff's property interests at issue in this action.

**III. GENERAL ALLEGATIONS**

9. Defendants caused to be recorded a "Short Form Deed of Trust and Assignment of Rents" ("Deed"), on December 2, 2013.

10. Plaintiff brings this action as a result of Defendants' fraudulent Deed, and to therefore Quiet title.

11. Plaintiff does not know, nor has he ever met, Defendants; Plaintiff did not authorize the Deed, and is a victim of "Title Fraud."

**IV. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**Declaratory Relief to Determine Extent and Validity of Lien**

12. Plaintiff incorporates all of the above paragraphs as if set forth herein at length.

13. Plaintiff alleges that the Subject Property became property of the bankruptcy estate upon the filing of the petition which commenced the underlying Chapter 13 case.

14. An actual controversy exists between Plaintiff and Defendants with respect to the validity, priority, and extent of liens or other interest in the Subject Property.

15. Plaintiff contends that the Deed of Trust held by Defendant Fillmore Trust Group was filed fraudulently, without permission of Plaintiff, and the signature on said fraudulent Deed of Trust was not the Plaintiff's, and therefore must be released.

16. Plaintiff seeks a declaratory judgment pursuant to rule 7001 of the Federal Rules of Bankruptcy Procedure (28 U.S.C.) subdivision (9), invoking subdivisions (2) and (6), that Defendants have fraudulently recorded a deed of trust, without Plaintiff's knowledge, which clouds title of estate property, and that this deed of trust has no further force or effect.

17. Defendants recorded this Deed without the knowledge of, nor notification to, the Plaintiff.

18. Plaintiff further seeks that an Order Granting nullification of said Deed against the Subject Property, which

orders that the Defendant's alleged Deed of Trust is void, be a non-appealable order.

19. Plaintiff requests that any such judgment contain language consistent with a Deed of Reconveyance, which should have been recorded by Defendant, which directs that title be reconveyed and restored to Plaintiff and includes "all right, title, and interest" acquired by said Deed of Trust to Defendant related to the Deed of Trust they hold.

20. The fact that Defendants have not taken any action to remove the Deed of Trust, nor provide any address in which to contact them, supports the contention that Defendants' recording was fraudulent.

21. Plaintiff seeks a determination, pursuant to rule 4007 of the Federal Rules of Bankruptcy Procedure (28 U.S.C.) subdivisions (a) and (b), that the security interest be voided.

## SECOND CAUSE OF ACTION

**Extinguishment of the Second Deed of Trust Claim**

22. Plaintiff incorporates all of the above paragraphs as if set forth herein at length.

23. Under the applicable law, upon completion of Plaintiff's Chapter 13 plan, the Court has the authority to extinguish the Deed of Trust pursuant to 11 U.S.C. § 105(a).

24. Defendants have not reconveyed the Deed of Trust via a Deed of Reconveyance, as this is "title fraud" transfer.

25. Defendants have not provided a "Note" to support the claim of $65,000.00 owed on the "Deed of Trust."

26. Defendants have not provided any means of contact, as the Deed of Trust contains no contact information.


## THIRD CAUSE OF ACTION

### Quiet Title

27. Plaintiff incorporates all of the above allegations as if set forth herein at length.

28. Plaintiff did not sign the Deed, and his signature is not on the Deed of Trust on the Subject Property.

29. In spite of Plaintiff's full compliance with the Court-approved Chapter 13 Plan, Defendants have failed and refused, and continue to fail and refuse, to reconvey the Deed of Trust.

30. Defendants' actions in failing to properly obtain the Debtor's signature equates to a void Deed.

31. Plaintiff does not currently know the true names and capacities of those who may claim an ownership interest in the Subject Property ("Unknown Defendants"), but Plaintiff will amend his complaint to add the true names and capacities of these Unknown Defendants when they are ascertained.

32. As a proximate result of Defendants' failure and refusal to comply with their obligation to reconvey the fraudulent Deed of Trust, Plaintiff has been required to file an adversary proceeding, at substantial cost, which is a direct breach of Defendant's statutory duty, and has damaged Plaintiff with this cost.

33. Plaintiff hereby requests damages, as allowed for in 11 U.S.C. § 105(a).

//

//

**V.　　REQUEST FOR JUDGMENTS AND ORDERS**

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

   a. That the Court issue a judgment holding the Deed of Trust recorded to be Void, and therefore be treated as a void claim;

   b. That the Court issue a judgment holding that the Deed of Trust recorded is extinguished and has no further force and effect as a secured lien against the Plaintiff's real property;

   c. That the Court issue a judgment in a format allowed for recording that voids the Deed of Trust;

   d. That the Court issue a judgment for title fraud;

   e. For all costs of suit incurred in this action including attorney's fees; and

   f. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: September 1, 2022　　　　　／s/Peter G. Macaluso
　　　　　　　　　　　　　　　　　　Peter G. Macaluso
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff